IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LESHONDA N. ACQUAH,

                Plaintiff,

v.                               Civil Action No.
                                      5:16-CV-1352 (DEP)

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

LEGAL SERVICES OF CENTRAL      CHRISTOPHER CADIN, ESQ.
NEW YORK
221 S. Warren Street
Suite 300
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN      REBECCA H. ESTELLE, ESQ.
United States Attorney for the        Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 9, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)  Plaintiff's motion for judgment on the pleadings is GRANTED.

2)  The Acting Commissioner's determination that plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: May 11, 2017
Syracuse, NY

```
        UNITED STATES  DISTRICT COURT
        NORTHERN DISTRICT OF NEW YORK
        ------------------------------------x
        LESHONDA N. ACQUAH,

                                    Plaintiff,

        vs.                          5:16-CV-1352

        COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
        ------------------------------------x

              Transcript of a **Decision** held during a

        Telephone Conference on May 9, 2017, at the James

        Hanley Federal Building, 100 South Clinton Street,

        Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

        United States Magistrate Judge, Presiding.



                         A P P E A R A N C E S

        For Plaintiff:      LEGAL SERVICES OF CENTRAL NEW YORK
                            221 S. Warren Street
                            Suite 300
                            Syracuse, New York  13202
                              BY:  CHRISTOPHER CADIN, ESQ.

        For Defendant:      SOCIAL SECURITY ADMINISTRATION
                            Office of Regional Counsel
                            Region II
                            26 Federal Plaza - Room 3904
                            New York, New York  10278
                              BY:  REBECCA H. ESTELLE, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1           (In Chambers, Counsel present by telephone.)
2           THE COURT: All right. I'll have to let that be
3   the last word. So I have before me a request for judicial
4   review of an adverse determination of the Acting Commissioner
5   pursuant to 42 United States Code Section 405(g) and
6   1383(c)(3).
7           The background is as follows: The plaintiff was
8   born in February of 1975, is currently 42 years old, was 37
9   years old at the time of the alleged onset of her disability,
10  and 39 at the time of the hearing in this matter. She is
11  5-foot-8 in height and weighs 219 pounds. She's right-hand
12  dominant. She has a high school diploma and two years of
13  college education. She has a CNA certificate as well. She
14  has also had customer service training.
15          She lives with her 17-year-old daughter in a
16  two-family house on the first floor of that house. She does
17  not drive and hasn't since 2012. She has not worked since
18  October 24, 2012, except for an attempt at training at an
19  Express Mart. In her past, she was a hair stylist. She
20  stopped in that position in December of 2013. She has also
21  worked as a fast food worker, a certified nursing assistant,
22  a customer service representative, she's worked in sales, as
23  a factory worker, and a warehouse packer. That's at 320 and
24  324 of the administrative transcript.
25          Physically, the plaintiff has been diagnosed with

1  multiple sclerosis with parathesis, that was in July of 2012.
2  She suffers from numbness and pain from the waist down.  She
3  also experiences migraine headaches approximately four times
4  per week and fatigue.  She uses a cane to ambulate.  She has
5  undergone infusions including in 2012 and twice in 2013.  Her
6  primary physician is Dr. Jianxin Ma.  She was referred to a
7  specialist, Dr. Megan Hyland.  She has had MRIs in
8  October 2012, July 2013, December 2013, and June 2014.  Those
9  are all contained in the record.
10             She also suffers from mental impairments.  One of
11  the sources or triggers was that her son was killed in
12  February 2013.  That's at 291 and 321.  She's been diagnosed
13  as suffering from depressive disorder at 323 and 292 and
14  major depressive disorder at 534.  She's undergone treatment
15  for the mental conditions at the Syracuse Community Health
16  Center where she sees Emily Stowell and Dr. Bill Hines.  She
17  suffers, among other things, from crying spells.
18             Medically she's been treated with Wellbutrin,
19  gabapentin, Gilenya, Topamax, tramadol, trazodone, hydroxy --
20  hydroxyzine, Copaxone, and Amantadine.
21             Procedurally, the plaintiff applied for Title II
22  and Title XVI benefits on June 20, 2013 alleging an onset
23  date of October 24, 2012.  A hearing was conducted by
24  Administrative Law Judge Gregory Hamel on December 3, 2014.
25  The administrative law judge issued a decision on January 30,

1  2015, and that became a final determination of the agency on
2  September 20, 2016, when the appeals council rejected the
3  request for review of that determination.
4           In his decision, ALJ Hamel applied the familiar
5  five-step sequential test for determining disability.
6           At step one he concluded that the plaintiff had not
7  engaged in substantial gainful activity since the alleged
8  onset date.
9           At step two he found that she suffers from severe
10 impairments including MS, headaches, obesity, and depressive
11 disorder.
12          At step three, he concluded that she did not meet
13 or medically equal any of the listed presumptively disabling
14 impairments.
15          After surveying the medical records, the ALJ
16 concluded that plaintiff retains the residual functional
17 capacity or RFC to perform sedentary work with exceptions
18 including, she can only occasionally climb stairs, balance,
19 stoop, kneel, crouch and crawl, cannot climb ladders, ropes
20 or scaffolds, cannot work in hazardous work environments, can
21 use the hands for frequent but not constant handling,
22 fingering and reaching, can do routine and repetitive tasks
23 only and cannot do tasks requiring more than occasional
24 public contact.
25          Applying that RFC, the administrative law judge

concluded that plaintiff cannot meet the requirements of any of her past relevant work. He then indicated that if the medical vocational guidelines were to control, a finding of no disability would be required by Grid Rule 201.28. He elicited the testimony of a vocational expert and concluded that plaintiff can perform as an addresser, a document preparer, and a cuff folder, and therefore is not disabled.

As you know, my task is limited to determining whether correct legal principles were applied and substantial evidence supports the ALJ's determination. It is a highly deferential standard.

Obviously pivotal to the ALJ's finding was his rejection of the two opinions of Dr. Hyland and of Dr. Hines and Emily Stowell concerning absenteeism. There isn't any doubt that the vocational expert concluded that if plaintiff was absent with the frequency opined by those individuals in their medical source statements, she would be disabled. She would not -- there would not be any work available that she could perform in the national and local economy. The reason for rejection of those appears at page 26, in the first paragraph. The administrative law judge states, "Little weight is given to Dr. Hyland's statements that the claimant would be absent from work more than four days per month as the ultimate question of disability is reserved to the Commissioner of Social Security Administration." And the

1  second paragraph, Dr. Hines' and Ms. Stowell's opinions were
2  rejected -- they weren't rejected, they were given "little
3  weight" because, as noted, the ultimate question of
4  disability is reserved for the Commissioner of Social
5  Security Administration.
6  　　　　　When you look at the two regulations that control,
7  20 C.F.R. Section 404.1527(d)(1) and (2), and also 20 C.F.R.
8  Section 416.927(d)(1) and (2), the first relates to opinions
9  that you are disabled and a statement that a claimant is
10 disabled clearly is something that's reserved to the
11 Commissioner.  (d)(2) reserves -- does allow for
12 consideration of opinions of medical sources, whether they're
13 treating or not treating, on issues such as whether listings
14 are met, the residual functional capacity, or the application
15 of vocational factors, although the final responsibility for
16 deciding the issues clearly is reserved to the Commissioner.
17 　　　　　This is an extremely interesting issue, and I
18 reviewed very carefully the cases both cited by plaintiff and
19 cited by the Commissioner and also that I found.  So cases
20 like *Barry v. Colvin* are consistent in my view with (d)(2),
21 the regulation.  It only says that the opinions are not
22 binding on the Commissioner regarding such things as
23 absenteeism, but it doesn't say they shouldn't be considered.
24 *Saulic* is the same, *Saulic v. Colvin* from the Northern
25 District of Ohio merely says that the opinion of a treating

21

1  source concerning absenteeism is not entitled to controlling
2  weight, and of course that's a good decision because it notes
3  the split of authority.  *Anderson v. Colvin*, Western District
4  of New York 2015 at footnote 5, same.  But when you look at
5  cases like *Lesterhuis v. Colvin* from the Second Circuit 2015,
6  *Greek v. Colvin* from the Second Circuit 2015, *Rugless v.
7  Commissioner*, Second Circuit 2013, *Gavazzi v. Berryhill* from
8  last month, Second Circuit, *Smith v. Commissioner*, the
9  District of Vermont, 2011, *Coleman v. Colvin*, Eastern
10 District of New York, 2017, they all show that opinions
11 concerning absenteeism at least should be considered.
12         And so in this case, the ALJ rejected them out of
13 hand.  He didn't give the explanation that I heard
14 Ms. Estelle give.  If he had, if he had explained why he did
15 not consider that opinion as indicating that the plaintiff
16 could not perform gainful employment, if he had related it to
17 treatment notes or related it to the type of disability or
18 disabling -- I'm sorry, medical conditions that the plaintiff
19 suffers from, then I would say that it was properly
20 considered.  But to me, it's pretty clear from page 26 that
21 he considered it, the ultimate question, and therefore
22 rejected it out of hand.
23         On the other hand, I don't find necessarily that
24 there is persuasive evidence of disability.  I think it's a
25 matter that should be returned to the Commissioner for

1   further consideration of those opinions, and whether or not
2   they should be rejected and if they are rejected or given
3   little weight, there should be a fuller explanation for why.
4       So I grant judgment on the pleadings to the
5   plaintiff without a directed finding of disability, vacate
6   the Commissioner's determination and remand the matter to the
7   agency for further consideration.  Thank you both, this was
8   an interesting case and thank you for excellent
9   presentations.
10          MR. CADIN:  Thank you, your Honor.
11          MS. ESTELLE:  Thank you.
12          MR. CADIN:  And thank you, Counselor.
13              (Proceedings Adjourned, 2:35 p.m.)

1      CERTIFICATE OF OFFICIAL REPORTER

2

3

4      I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10  transcript of the stenographically reported

11  proceedings held in the above-entitled matter and

12  that the transcript page format is in conformance

13  with the regulations of the Judicial Conference of

14  the United States.

15

16              Dated this 9th day of May, 2017.

17

18

19              /S/ JODI L. HIBBARD

20              JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter
21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547